IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, | ) ) ) ) ) ) ) ) ) | No.    FILED: APRIL 25, 2008 <br>        08CV2375 RCC <br> Judge   JUDGE CASTILLO <br>        MAGISTRATE JUDGE COLE |
|           Plaintiffs, | ) Magistrate ) ) | |
| v. | ) ) | |
| ENTERPRISE PLUMBING, INC., An Illinois corporation, and DONALD STOUT, individually | ) ) ) ) | |
|           Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, ENTERPRISE PLUMBING, INC., an Illinois corporation, and DONALD STOUT, individually as follows:

     1.      (a)      Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, ENTERPRISE PLUMBING, INC., **("Enterprise")** is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) **Enterprise** is an employer engaged in an industry affecting commerce.

5. **Enterprise** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf

of certain of its employees. (See assignment of bargaining rights attached hereto as Exhibit "1")

6. By virtue of certain provisions contained in the collective bargaining agreements, **Enterprise** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Enterprise** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period June 1, 2005 through present, **Enterprise** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, **Enterprise**, is necessary in order to determine any further amounts the Defendant, **Enterprise**, owes to the Plaintiffs for the period from June 1, 2005 to the present.

10. Due to its failure to pay the contributions, **Enterprise** is further obligated to pay contributions in an amount shown to be due under an audit.

WHEREFORE, Plaintiffs pray for relief as follows:

A. That Defendant be ordered to submit the books and records of the Defendant Company to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from June 1, 2005 to the present.

B. That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C. That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D. That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E. That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

1-7. Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8. Defendant, DONALD STOUT, is on information and belief President of Defendant, **Enterprise.**

9. DONALD STOUT, individually, co-signed and guaranteed two Installment Notes entered into by **Enterprise** dated January 5, 2007 and December 26, 2007 (hereinafter collectively referred to as the "Notes"). The Notes were both signed to resolve contributions and other costs and charges due and owing under ERISA. (See copies of Notes attached hereto as Exhibit "2")

10. Per the terms of the Notes, they are in default due to the Defendant's failure to remain current in its contribution obligations to the Funds. The Note is in default since November 1, 2007. There is an unpaid collective balance of **$14,951.41** on the Notes.

11. Default on the Notes accelerates the entire balance due.

12. Defendants, **Enterprise**, an Illinois corporation, and DONALD STOUT, individually, have failed to become current in their contribution obligations to the Funds despite repeated demands by the Funds.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, **Enterprise**, an Illinois corporation, and DONALD STOUT, individually, and for Plaintiffs in the amount of **$14,951.41**.

Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By: s/Philip Brzozowski
One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT 1**

## ASSIGNMENT OF BARGAINING RIGHTS

The undersigned Company hereby designates the Plumbing and Mechanical Contractors Association of Northern Illinois (the Association) as its sole and exclusive bargaining agent for the purpose of negotiating a collective bargaining agreement with U.A. Local 501 and/or the United Association to replace the agreement which expires on May 31, 2003.

I understand and agree that the Association may further assign the bargaining rights covered by this delegation to the Mid-Western Association for Plumbing, Heating and Cooling Contractors.

I understand that by executing this authorization the Association becomes my sole and exclusive bargaining agent for the above-named local union and that I may not engage in any individual negotiations or discussions of the terms of any labor agreements or sign any individual agreement or any interim agreements. If I breach any of my obligations under this Agreement, I understand that the Association may take such actions as may be appropriate to enforce this Agreement, and that the Association may, at its own discretion, decline to accept a delegation of bargaining authority from me in future negotiations.

This assignment of bargaining rights shall be effective as of the date it is signed and shall continue in full force and effect thereafter and may not be revoked or canceled prior to thirty days after the Association has negotiated a final agreement with the identified union on the Company's behalf.

Any timely revocation of this assignment, in order to be effective, must be in writing and must be served on the Association. This assignment supersedes any previously executed delegations of bargaining authority for the above named local union that the Company may have executed.

_Enterprize Plumbing Inc._
NAME OF FIRM

_[signature]_
SIGNATURE OF AUTHORIZED REPRESENTATIVE

_Don Stout_
PLEASE PRINT NAME

_President_    _11-8-02_
TITLE            DATE

Return to:

PAMCANI
603 Rogers Street, Ste. 2
Downers Grove, Illinois 60515
Phone: 630-960-3970

October 2002

**EXHIBIT 2**

## INSTALLMENT NOTE

<u>$45,863.11 Principal and Interest</u>　　　　　　　　　　　　　　January 5, 2007

For Value Received, the undersigned promises to pay to the order of <u>Northern Illinois Benefit Funds</u> the principal sum of <u>Forty Two Thousand Four Hundred Sixty-Five 84/100 ($42,465.84) Dollars.</u>

Payable in installments as follows:

<u>Two Thousand Five Hundred Forty-Seven and 96/100 ($2,547.96)</u>　Dollars on the <u>1st</u> day of <u>February 2007. Two Thousand Five Hundred Forty-Seven and 95/100 ($2,547.95)</u> Dollars on the ___<u>1st</u>___ day of each month beginning on the ___<u>1st</u>___ day of <u>March 2007</u> and for <u>15</u> month(s) succeeding, and a final payment of <u>Two Thousand Five Hundred Forty-Seven and 95/100 ($2,547.95)</u>Dollars on the <u>1st</u> day of <u>July, 2008</u> with interest on the balance of principal remaining from time to time unpaid at the rate of <u>8%</u> per cent per annum, payable on the due dates for installments of principal as aforesaid.

　　　All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of <u>18</u> per cent per annum. Payments of both principal and interest shall be made at <u>ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958</u> or such other place as the legal holder hereof may from time to time in writing appoint.

　　　The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to_____
on personal property_____
_____
in the County of _____, Illinois. The undersigned's residence (chief place of business) is at _____, Illinois.

　　　The undersigned is to remain current in the above-payments during the term of this note. The undersigned is also to remain current in its/his/her monthly contributions to the Fund during the term of this note. Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

　　　At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

　　　The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

　　　If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

　　　All parties hereto severally waive presentment for payment, notice of dishonor and protest.

_/s/ Donald Stout_____　　　　_/s/ Donald Stout_____
Enterprise Plumbing, Inc.　　　　　　　Donald Stout, Individually
Donald Stout, President


The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges in the total sum of <u>$42,465.84</u> due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145. The total indebtedness is comprised as follows:

<u>$9,216.90 in late fees from June 2006 - November 2006 and $33,248.94 in contributions from September 2006 - November 2006.</u>

_____

CAUTION:　　Consult a lawyer before using or acting under this form. All warranties, including merchantability and fitness, are excluded.

# INSTALLMENT NOTE

**$8,607.64** including principal and interest                                                        December 26, 2007

For Value Received, the undersigned promises to pay to the order of **Northern Illinois Benefit Funds** the principal sum of **Eight thousand one hundred forty-one and 63/100 ($8,141.63)** Dollars. The remaining unpaid principal shall bear interest at the rate of **5%** per annum over the life of the Note.

Payable in installments as follows:

**Three hundred and 00/100 ($300.00)** dollars on the 1st day of **January 2008**, **Three hundred and 00/100 ($300.00)** dollars on the 1st day of each month beginning on the 1st day of **February 2008** and for **5** months succeeding, **Two thousand five hundred and 00/100 ($2,500.00)** dollars on the 1st day of **August 2008**, **Two thousand five hundred and 00/100 ($2,500.00)** dollars on the 1st day of **September 2008** and a final payment of **One thousand four hundred seven and 64/100 ($1,407.64)** dollars on the 1st day of **October 2008.**

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of **18** per cent per annum. Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3858** or such other place as the legal holder hereof may from time to time in writing appoint.

The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to _____
on personal property_____

In the County of _____, Illinois. The undersigned's residence (chief place of business) is at _____, Illinois.

The undersigned is to remain current in its/his/her contributions during the term of this note. The undersigned is to remain current in its/his/her contributions during the term of this note. Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

RESOLUTION OF LATE FEES FOR FEBRUARY THROUGH OCTOBER 2007

_____ 12-28-07                    _____ 12-28-07
Enterprise Plumbing                                         Donald Stout, Individually
Donald Stout, President                                     816 E North Street
816 E North Street                                          Elburn, IL 60119
Elburn, IL 60119
(630) 640-2537

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs, charges and interest in the total sum of **$8,141.63** due and owing for the months of February through October 2007 pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145. The total indebtedness is comprised as follows:

_____

CAUTION:    Consult a lawyer before using or acting under this form. All warranties, including merchantability and fitness, are excluded.

5083-447